TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0002-KB

KENTUCKY BAR ASSOCIATION                                              MOVANT


V.                               IN SUPREME COURT


JUSTIN JEROME MARCUM                                            RESPONDENT


### OPINION AND ORDER


Justin Jerome Marcum, whose bar roster address is P.O. Box 2531, Williamson, West Virginia 25661, KBA Member Number 97426, was admitted to the practice of law in the Commonwealth of Kentucky on January 11, 2017. On November 5, 2021, the Supreme Court of Appeals of West Virginia entered an order suspending Marcum from the practice of law in that state for two years with a stay of the suspension after six months and imposing a period of supervised probation. That order became final on December 7, 2021. Thereafter, the Kentucky Bar Association (KBA) filed a petition with this Court asking that we impose reciprocal discipline pursuant to Supreme Court Rule (SCR) 3.435. We ordered Marcum to show cause why we should not impose such discipline, and he did not respond. Accordingly, this Court hereby suspends Marcum from the practice of law for two years with six months of that suspension to be served and the remainder to be probated until the

completion of his contract with the West Virginia Judicial and Lawyer Assistance Program, as consistent with the order of the Supreme Court of Appeals of West Virginia.

## I. BACKGROUND

On February 8, 2020, the West Virginia Lawyer Disciplinary Board Investigative Panel issued a formal statement of charges against Marcum that included four counts that alleged multiple violations of that state's lawyer disciplinary rules, the West Virginia Rules of Professional Conduct. The Hearing Panel Subcommittee of the Lawyer Disciplinary Board conducted an evidentiary hearing on September 21, 2020. The Hearing Panel Subcommittee then submitted a report and recommendations to the Supreme Court of Appeals of West Virginia. After reviewing the record and the briefs filed by the parties, the Supreme Court of Appeals of West Virginia found that Marcum violated five of West Virginia's Rules of Professional Conduct.

The Supreme Court of Appeals of West Virginia found that Marcum made multiple posts on Facebook attempting to solicit business without including the name and address of at least one lawyer or law firm responsible for the content. He also failed to include the words "Advertising Material" in the posts. By making these posts on Facebook without the required wording, Marcum violated Rules 7.2(c)[1] and 7.3(c)[2].

---

[1] West Virginia Rule of Professional Conduct 7.2(c) requires that "[a]ny communication made pursuant to this Rule shall include the name and office address of at least one lawyer or law firm responsible for its content."

[2] West Virginia Rule of Professional Conduct 7.3(c) provides that

The Supreme Court of Appeals of West Virginia also found that Marcum represented a client who had been charged with one count of delivery of a controlled substance and three counts of conspiracy to deliver a controlled substance. Significantly, this representation occurred after Marcum himself had illegally purchased drugs from the client.[3]

The client was first appointed counsel by the trial court. However, at the client's arraignment on April 25, 2018, the client told the circuit court judge that Marcum would be representing him instead. In June of 2018, Marcum worked out a plea agreement by which the client would plead guilty to two counts of conspiracy to deliver a controlled substance, and the client would be sentenced to serve a period of incarceration. After entry of the guilty plea but before sentencing, Marcum moved to withdraw as the client's counsel. Marcum cited both a possible conflict of interest as well as unpaid fees. Thereafter, the client was again appointed counsel. Said appointed counsel reviewed the discovery in the client's case and viewed surveillance footage from the client's home. The surveillance footage showed Marcum driving his vehicle (bearing his

[e]very written, recorded or electronic communication from a lawyer soliciting professional employment from anyone known to be in need of legal services in a particular matter shall include the words "Advertising Material" on the outside envelope and at the beginning and ending of any recorded, if any, or electronic communication, unless the recipient of the communication is a person specified in (a)(1) or (a)(2).

[3] The client's name is Jackie Lee Marcum. He is not related to the respondent in this matter. However, because their last names are the same, to avoid confusion, we refer to Jackie Lee Marcum as "the client" in this Opinion and Order.

3

"House of Delegates" license plate)[4] to the client's home. The footage then showed the client giving Marcum pills in exchange for money. Also included in the discovery items reviewed by appointed counsel was a ledger used to track individuals who owed the client money for the purchase of drugs. Marcum's name appeared in this ledger. Ultimately, appointed counsel was able to set aside client's plea agreement and to negotiate a new, more favorable agreement that avoided incarceration.

Based on the above described conduct, the Supreme Court of Appeals of West Virginia found Marcum violated three of West Virginia's Rules of Professional Conduct. That court found Marcum violated Rule 1.7(a)[5] by representing the client after purchasing illegal drugs from the client, thus having a conflict of interest during that representation. The court also found Marcum violated Rule 8.4(b)[6] by purchasing illegal drugs from the client.

---

[4] Marcum was a duly elected member of the West Virginia House of Delegates at the time of all events recounted in this Opinion and Order.

[5] West Virginia Rule of Professional Conduct 1.7(a) provides in relevant part:

[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

[6] West Virginia Rule of Professional Conduct 8.4(b) defines "professional misconduct for a lawyer" as "commit[ting] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

4

Finally, the court found Marcum violated Rule 8.4(d)[7] by "work[ing] out a plea offer with [the client] without explaining his own involvement in the purchase of illegal drugs from [the client]."

After finding Marcum violated five of West Virginia's Rules of Professional Conduct, the Supreme Court of Appeals of West Virginia weighed aggravating and mitigating factors to determine a sanction for his unethical behavior. The Supreme Court of Appeals of West Virginia found the following aggravating factors: the purchase of illegal drugs, that Marcum "held public office at the time" of the rule violations, and that Marcum "acted dishonestly and with a selfish motive." That court found the following mitigating factors:

> the absence of a prior disciplinary record, [Marcum]'s inexperience in the practice of law, his chemical dependency and interim rehabilitation, personal or emotional problems, full and free disclosure to the Board or cooperative attitude toward the proceedings, good character or reputation, physical or mental disability or impairment, no delay in the disciplinary proceedings, and expression of remorse.

The court specifically "commend[ed] [Marcum]'s recognition of his addiction and success in treatment and continued rehabilitation." The Supreme Court of Appeals of West Virginia then ordered the following:

> (1) The respondent is suspended from the practice of law for a period of two years with a stay of the suspension after six months having been served and for imposition of a period of supervised probation for the remaining period of respondent's contract with the West Virginia Judicial and Lawyer Assistance Program; (2) immediate imposition of the remaining one-and-a-half year suspension if any conditions or requirements of the West Virginia

---

[7] West Virginia Rule of Professional Conduct 8.4(d) defines "professional misconduct for a lawyer" as "engag[ing] in conduct that is prejudicial to the administration of justice."

5

Judicial and Lawyer Assistance Program contract or other Rules of Professional Conduct are violated after a petition to this Court; (3) respondent be required to complete an additional nine Continuing Legal Education hours in ethics and/or substance abuse education in addition to the twenty-four hours already required of him by the West Virginia State Bar, with the additional nine hours being completed during the six-month suspension; (4) respondent comply with the terms and conditions of his West Virginia Judicial and Lawyer Assistance Program contract; (5) that respondent comply with the provisions of Rule 3.28 of the Rules of Lawyer Disciplinary Procedures; and, (6) respondent must reimburse the Office of Disciplinary Counsel for the costs of these proceedings in the amount of $3,981.56 pursuant to Rule 3.15 of the Rules of Lawyer Disciplinary Procedure.

Following Marcum's suspension from the practice of law in West Virginia, the KBA filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435. We ordered Marcum to show cause why we should not impose such discipline, and he did not respond.

## II. ANALYSIS

When this Court is presented with an attorney facing disciplinary action in another jurisdiction, the Court must decide whether identical reciprocal discipline is warranted here in the Commonwealth. This Court "shall impose the identical discipline unless Respondent proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this state." SCR 3.435(4). Without such "substantial evidence," "a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c).

6

"This Court typically imposes the same sanction as the reciprocal state, so long as our rules are similar." *Kentucky Bar Ass'n v. Gardiner*, 638 S.W.3d 415, 416 (Ky. 2022) (citing *Kentucky Bar Ass'n v. Harwood*, 341 S.W.3d 85 (Ky. 2011); SCR 3.435). Although Kentucky does not have an equivalent to West Virginia Rule of Professional Conduct 7.2(c), which requires the name and address of at least one lawyer or law firm responsible for the content of any advertising material to be included in the material, we do have an equivalent to West Virginia Rule of Professional Conduct 7.3(c). SCR 3.130(4.5)(3) requires that

> [e]very written, recorded or electronic communication from a lawyer soliciting professional employment from anyone known to be in need of legal services in a particular matter shall include the words "Advertising Material" on the outside of the envelope, if any, or in the subject line if sent as an email, and at the beginning and ending of any recorded or electronic communication, unless the recipient of the communication is a person specified in paragraphs (1)(a) or (1)(b).

Kentucky does not have a rule equivalent to West Virginia's Rule 8.4(d), which defines "professional misconduct for a lawyer" as "engaging in conduct that is prejudicial to the administration of justice," but we do have an equivalent to both Rule 1.7(a) and 8.4(b). SCR 3.130(1.7)(a) provides that

> a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

7

SCR 3.130(8.4), in relevant part, provides, "It is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Finally, in the case before us, Marcum has failed to provide any evidence showing a lack of jurisdiction or fraud in the West Virginia proceedings, or any reason our Court should impose a lesser discipline upon him. As such, we follow the Rules of this Court and impose identical discipline.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Justin Jerome Marcum is suspended from the practice of law in the Commonwealth of Kentucky for two years with 180 days of that to be served and the remainder to be probated until successful completion of his contract with the West Virginia Judicial and Lawyer Assistance Program (JLAP);

2. During the period of his Kentucky probation, Marcum shall fully comply with all terms and conditions of his West Virginia supervised probation and his JLAP contract. Should he fail to comply with any term or condition of his supervised probation or his JLAP contract or violate any Kentucky Rule of Professional Conduct, Bar Counsel may petition this Court for immediate imposition of the remainder of his suspension;

3. If he has not already done so, pursuant to SCR 3.390, Marcum shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity

8

and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Marcum has matters pending. Marcum shall simultaneously provide a copy of all such letters to the Office of Bar Counsel;

4. If he has not already done so, pursuant to SCR 3.390, Marcum shall immediately cancel any pending advertisements, shall terminate any advertising activity for the duration of the term of suspension, and shall not allow his name to be used by a law firm in any manner until he is reinstated;

5. Pursuant to SCR 3.390, Marcum shall not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees; and

6. In accordance with SCR 3.450, Marcum shall pay all costs associated with these disciplinary proceedings against him, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 28, 2022.

_____
CHIEF JUSTICE MINTON